UNITED STATES of America, Plaintiff,

v.

Clyde Gene RAMEY et al., Defendants.

No. CR–2–80–7.

United States District Court,
E. D. Tennessee,
Northeastern Division.

July 18, 1980.

John H. Cary, U. S. Atty., Knoxville, Tenn. by Guy W. Blackwell, Asst. U. S. Atty., Greeneville, Tenn., for plaintiff.

Arthur M. Fowler, Johnson City, Tenn., for defendants.

MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

The defendant Mr. Marty Snow pleaded guilty to conspiring to violate the Comprehensive Drug Abuse Prevention and Control Act of 1970, 21 U.S.C. § 841(a)(1). The Court adjudged on June 2, 1980 that such defendant be committed to the custody of the Attorney General or his authorized representative for a period of 2 years and 2 days in accordance with 21 U.S.C. § 841(b)(1)(B), which prescribed the penalties for violating 21 U.S.C. § 841(a)(1), but the Court did not sentence such defendant to a special parole term to be served upon completion of such term of imprisonment. *See* 21 U.S.C. § 846. However, the Court stayed the execution of such term of imprisonment for a period of 6 months.

Thereafter, it was decided that 21 U.S.C. § 846 does not authorize the imposi-

tion of a special parole term even though that sanction is included within the penalty provision of 21 U.S.C. § 841(a)(1). *Bifulco v. United States* (1980), 447 U.S. 381, 100 S.Ct. 2247, 65 L.Ed.2d 205. But, although the foregoing sentence was not illegal for its failure to include a special parole term for the defendant to serve upon completion of the term of imprisonment imposed, it is illegal because the stay of its execution was not authorized by Rule 38(a)(2), Federal Rules of Criminal Procedure. Being illegal, such sentence is void, and the Court has the power and the duty to expunge the void sentence and, at the appropriate time, pronounce a lawful sentence on such defendant, *Polland v. United States* (1957), 352 U.S. 354, 361, 77 S.Ct. 481, 485, 1 L.Ed.2d 393, 399 (headnote 12).

■ The inspiration for the delay in the execution of sentence in this instance was the contention of Mr. Snow that he recanted his decision to conspire with his codefendants to manufacture a schedule II nonnarcotic controlled substance, withdrew from further participation in it, and desires to act the part of a good citizen in this matter. Some of Mr. Snow's codefendants remain to be tried, and, once the Court has disposed of all aspects of this action, it may be that the Court will wish to exercise greater leniency in the punishment of Mr. Snow. This, in itself, is a sufficient reason to delay the resentencing of Mr. Snow. *Welsh v. United States*, C.A. 6th (1965), 348 F.2d 885, 887 [4].

Accordingly, the judgment and commitment of June 2, 1980 of the defendant Mr. Marty Snow hereby is VACATED and SET ASIDE as constituting an illegal sentence. Rule 35(a), Federal Rules of Criminal Procedure. Such defendant will remain on his present bond pending further orders of the Court.